```
                    United States District Court
                      District of Massachusetts
```

| | |
|---|---|
| John Waters, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 19-11585-NMG |
| Day & Zimmermann NPS, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This is a putative class action which arises under the Fair Labor Standards Act ("FLSA"). Plaintiff John Waters ("plaintiff" or "Waters") alleges that defendant Day & Zimmerman ("defendant" or "Day & Zimmerman") has failed to pay overtime wages in violation of the law.

Pending before the Court are defendant's motion to dismiss for lack of jurisdiction and motion to stay. The plaintiff has also filed a motion to disqualify and asks the judicial officer assigned to this session of this Court to recuse himself pursuant to 28 U.S.C. § 455. Before the Court can consider the other pending motions, it must address plaintiff's motion for recusal. For the forgoing reasons, that motion will be denied without prejudice.

**I.   Recusal**

The statue governing recusal, 28 U.S.C. § 455(a), provides in relevant part that "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  As the First Circuit has explained, "a high threshold is required to satisfy this standard." In re United States, 158 F.3d 26, 34 (1st Cir. 1998).

The recusal statute seeks to balance the necessity that courts are perceived as free from bias and the fear that "recusal on demand" would allow litigants to veto unwanted judges.  In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001).  Disqualification is appropriate only when supported by articulable facts and district judges are given a "range of discretion" when making a recusal decision. In re United States, 666 F.2d 690, 695 (1st Cir. 1981).

Plaintiff states that one of his several attorneys, Attorney Gordon, has represented a party in an unspecified, separate and confidential matter concerning "Slade Gorton & Company Inc."  This judicial officer does have a relationship with Slade Gorton & Co., Inc., a Massachusetts corporation ("SG & Co."), and is recused from matters involving its retained counsel, Seyfarth Shaw LLP.  Here, plaintiff provides no

material information, however, about the matter in question. Nor does plaintiff offer any factual basis to support his contention that the impartiality of the judicial officer might reasonably be questioned.

Because plaintiff has not as yet provided any colorable reason for the assigned judicial officer to recuse himself the Court will deny plaintiff's motion to disqualify, without prejudice. If plaintiff chooses to file an amended motion, he is directed to provide more relevant information about the alleged grounds for recusal, including but not limited to: (1) the particular SG & Co. matter in question; (2) the parties to the dispute; (3) the involvement of Attorney Gordon and whether his client is adverse to SG & Co.; (4) the basis for the claim that the matter is confidential; and (5) the current status of the matter.

If there are legitimate reasons for doing so, plaintiff may file confidential material related to his renewed motion under seal, with full disclosure to defendant, but plaintiff's request to set a discovery schedule for counsel to seek confidentiality waivers will be denied.

**ORDER**

For the foregoing reasons, the plaintiff's Motion to Disqualify Judge (Docket No. 21) is **DENIED without prejudice.** Plaintiff may file on or before January 10, 2020, a renewed Motion to Disqualify with additional factual support.  If it is necessary to file any such material under seal, plaintiff may do so but that information will be provided to defendant.

**So ordered.**

                                                         /s/ Nathaniel M. Gorton  
                                                         Nathaniel M. Gorton  
                                                         United States District Judge

Dated December 20, 2019