United States District Court
District of Massachusetts

| | |
|---|---|
| John Waters, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 19-11585-NMG |
| Day & Zimmermann NPS, Inc., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case is a putative class action which arises under the Fair Labor Standards Act ("FLSA"). Plaintiff John Waters ("plaintiff" or "Waters") alleges that defendant Day & Zimmerman ("defendant" or "Day & Zimmerman") has failed to pay overtime wages in violation of the law.

After his first motion to disqualify the judge was denied without prejudice, the plaintiff has filed a second motion to disqualify and asks the judicial officer assigned to this session of this Court to recuse himself pursuant to 28 U.S.C. § 455. Before the Court can consider the other pending motions in this case, it must address plaintiff's second motion for recusal. For the foregoing reasons, that motion will be denied.

-1-

## I. Recusal

Plaintiff states that one of his several attorneys, Attorney Philip J. Gordon, represented an employee of Slade Gorton & Co. Inc. ("SG & Co.") in a potential litigation after she was discharged. In March, 2018, Attorney Gordon negotiated a Confidential Separation Agreement whereby that employee received a severance package in exchange for a release of her claims. That release included all "directors, officers [and] employees." Plaintiff claims that because this judicial officer has a relationship with SG & Co., there is reason to question his impartiality in matters involving Attorney Gordon and, therefore, he should recuse himself in this case.

The statue governing recusal, 28 U.S.C. § 455(a), provides in relevant part that

> [a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

As the First Circuit has explained, "a high threshold is required to satisfy this standard." In re United States, 158 F.3d 26, 34 (1st Cir. 1998). The statute creates "the presumption is that a judge will impartially apply the law, as required by his or her oath." United States v. Sampson, 148 F. Supp. 3d 75, 79 (D. Mass. 2015).

The recusal statute seeks to balance the necessity that courts are perceived as free from bias and the fear that

"recusal on demand" would allow litigants to veto disfavored judges. In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001). Disqualification is appropriate only when supported by articulable facts and district judges are given a "range of discretion" when making a recusal decision. In re United States, 666 F.2d 690, 695 (1st Cir. 1981).

This judicial officer has a familial relationship with SG & Co. and is recused from matters involving its retained counsel, Seyfarth Shaw LLP. Plaintiff does not, however, allege (nor is it true) that this judicial officer has any involvement in the day-to-day operation of the business or awareness of the employment matter handled by Attorney Gordon. Nor does plaintiff allege that this judicial officer has had any interaction with Attorney Gordon with respect to that dispute.

Moreover, plaintiff has proffered no evidence whatsoever to suggest that this judicial officer's impartiality toward the plaintiff Waters could be questioned as a result of his attorney's representation of another client. The test established by 28 U.S.C. § 455(a) addresses a judicial officer's impartiality with respect to a party, not a party's attorney. See Panzardi-Alvarez v. United States, 879 F.2d 975, 984 (1st Cir. 1989) (noting that "as a general rule, bias against the party must be shown and it is insufficient to rely on clashes between court and counsel as the basis of a disqualification

-3-

motion")(internal quotations omitted); United States v. Harmon, 21 F. Supp. 2d 642, 645 (N.D. Tex. 1998), aff'd, 202 F.3d 265 (5th Cir. 1999)(noting "the 'impartiality' test has to do with the judge's presumed attitude toward a party to the litigation, not toward the party's attorney)(collecting cases).

In sum, plaintiff has not alleged facts sufficient to meet the "high threshold" under the recusal statute and his renewed motion to recuse will be denied. In re United States, 158 F.3d 26, 34.

**ORDER**

For the foregoing reasons, the plaintiff's Renewed Motion to Disqualify Judge (Docket No. 48) is **DENIED with prejudice.**

**So ordered.**

　　　　　　　　　　　　　　　　　/s/ Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　United States District Judge
Dated April 14, 2020