```
                    United States District Court
                      District of Massachusetts
┌─────────────────────────────────────┐
                                      )
John Waters,                          )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )    Civil Action No.
                                      )    19-11585-NMG
Day & Zimmermann NPS, Inc.,           )
                                      )
        Defendant.                    )
                                      )
└─────────────────────────────────────┘
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This is a putative class action which arises under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). Plaintiff John Waters ("plaintiff" or "Waters") alleges that defendant Day & Zimmerman NPS, Inc. ("defendant" or "Day & Zimmerman") has failed to pay him and other similarly situated employees overtime wages in violation of the statute. Day & Zimmerman has moved to dismiss the opt-in plaintiffs who are not residents of Massachusetts, contending that this Court lacks personal jurisdiction over those purported class members.

**I.   Background**

Day & Zimmerman is a Delaware corporation with a principal place of business in Pennsylvania engaged in a range of businesses, including the provision of power plant services. Waters is a former Mechanical Supervisor who was employed by Day

-1-

& Zimmerman in Plymouth, Massachusetts from January, 2018, until May, 2018. He alleges that defendant failed to pay him, and other similar situated workers, overtime at 1.5 times his regular hourly compensation for over 40 hours per week in violation of the FLSA (so-called "straight time for overtime"). In this action in which the putative class has not been conditionally certified, Waters seeks to represent all individuals who were employed by defendant, performed substantially similar job duties and did not receive proper overtime compensation.

The FLSA authorizes collective actions against employers alleged to have violated the statute. Unlike a Fed. R. Civ. P. 23 class action, the FLSA requires plaintiffs to opt-in affirmatively. A number of plaintiffs have filed written consents to join the putative collective action, many of whom reside outside of Massachusetts. Defendants contend, primarily based on the United States Supreme Court decision in <u>Bristol-Myers Squibb Co.</u> v. <u>Superior Court of California, San Francisco Cty.</u>, 137 S. Ct. 1773 (2017) ("<u>BMS</u>"), that the Court lacks personal jurisdiction over the non-resident, opt-in plaintiffs and have moved to dismiss those plaintiffs pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiffs rejoin that jurisdiction is proper in Massachusetts because this Court maintains personal

jurisdiction over the named plaintiff Waters and the <u>BMS</u> decision does not apply to FLSA collective actions.

## II. Motion to Dismiss For Lack of Personal Jurisdiction

### a. Legal Standard

On a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), plaintiff bears the burden of showing that the Court has authority to exercise jurisdiction over defendants. <u>Cossart</u> v. <u>United Excel Corp.</u>, 804 F.3d 13, 18 (1st Cir. 2015).  Where, as here, the Court is confronted with a motion to dismiss for lack of personal jurisdiction without first holding an evidentiary hearing, it applies the "prima facie" standard of review and takes the plaintiff's

> properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [plaintiff's] jurisdictional claim.

<u>A Corp.</u> v. <u>All Am. Plumbing, Inc.</u>, 812 F.3d 54, 58 (1st Cir. 2016).  A plaintiff cannot, however, rely on "unsupported allegations" and "must put forward evidence of specific facts to demonstrate jurisdiction exists." <u>Id.</u> (internal citations omitted).

Plaintiff's claims invoke the Court's federal question jurisdiction. 28 U.S.C. § 1331.

**1. Personal Jurisdiction in Federal Question Cases**

In federal question cases, the Due Process Clause of the Fifth Amendment of the United States Constitution requires only that a defendant maintain "adequate contacts" with the United States as a whole rather than with the forum state. United States v. Swiss Am. Bank, 274 F.3d 610, 618 (1st Cir. 2001). Plaintiff must, however, "ground its service of process in a federal statute or civil rule." Id.

An out-of-state defendant in federal-question cases may be properly served if the federal statute pursuant to which the claim is brought provides for nationwide service of process. Fed. R. Civ. P. 4(k)(1)(C).  Where, as here, the federal statute is silent on the availability of nationwide service of process, such service is governed by the forum state's long-arm statute. Fed. R. Civ. P. 4(k)(1)(A).  Accordingly, this Court must conduct the same personal jurisdiction inquiry as in a diversity case under the Massachusetts long-arm statute. See Johnson Creative Arts, Inc. v. Wool Masters, Inc., 743 F.2d 947, 950 (1st Cir. 1984).

**2. Personal Jurisdiction in Diversity Cases**

In a diversity suit, this Court acts as "the functional equivalent of a state court sitting in the forum state." See Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st

Cir. 2009).  As such, to make a prima facie showing of personal jurisdiction in diversity cases, the plaintiff must demonstrate that the exercise of jurisdiction 1) is permitted by the Massachusetts long-arm statute, M.G.L. c. 223A § 3, and 2) coheres with the Due Process Clause of the Fourteenth Amendment of the United States Constitution by showing that each defendant has "minimum contacts" with Massachusetts. <u>Daynard</u> v. <u>Ness, Motley,</u> Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002).

The Court's jurisdiction may be either "specific" or "general." <u>Swiss Am. Bank</u>, 274 F.3d at 618.  Specific jurisdiction requires a "demonstrable nexus" between the claims of the plaintiff and the defendant's contacts in the forum state. <u>Id.</u>  Such contacts must demonstrate that the defendant "purposeful[ly] avail[ed] [itself] of the privilege of conducting activities in the forum state." <u>Noonan</u> v. <u>Winston Co.</u>, 135 F.3d 85, 90 (1st Cir. 1998).  General jurisdiction, on the other hand, exists when the defendant has engaged in "continuous and systematic activity, unrelated to the suit, in the forum state." <u>Swiss Am. Bank</u>, 274 F. 3d at 618.

### 3. **Massachusetts Long-Arm Statute**

The Massachusetts long-arm statute provides, in relevant part, that a court may exercise personal jurisdiction

>     over a person, who acts . . . as to a cause of action in
>     law or equity arising from the person's (a) transacting any
>     business in this commonwealth [or] (b) contracting to
>     supply services or things in this commonwealth . . . .

M.G.L. c. 223A, § 3.

The requirements of the Massachusetts long-arm statute are substantially similar to (although potentially more restrictive than) those imposed by the Due Process Clause of the Fourteenth Amendment. See Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016) (noting that "[r]ecently, however, we have suggested that Massachusetts's long-arm statute might impose more restrictive limits on the exercise of personal jurisdiction than does the Constitution"). See also Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016).

### 4. **Due Process Clause**

The plaintiff must also demonstrate that the Court's exercise of personal jurisdiction over the defendant comports with the United States Constitution. See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945).

To support the Court's exercise of specific personal jurisdiction over the Corporate Defendants, plaintiff must make an "affirmative showing" that 1) the litigation relates to or arises out of the defendant's contacts with the forum state;

2) the defendant purposefully availed itself of the privilege of conducting business in the forum state; and 3) jurisdiction over the defendant is reasonable under the circumstances. <u>Sawtelle</u> v. <u>Farrell</u>, 70 F.3d 1381, 1388 (1st Cir. 1995); <u>Phillips Exeter Academy</u> v. <u>Howard Phillips Fund, Inc.</u>, 196 F.3d 284, 288 (1st Cir. 1999).

### B. Application and Applicability of <u>BMS</u> to FLSA Collective Actions

At the outset, the Court notes (and plaintiff does not contend otherwise) that it does not have general jurisdiction over Day & Zimmerman, a corporation that is neither incorporated nor "essentially at home" in the Commonwealth. <u>Daimler AG</u> v. <u>Bauman</u>, 571 U.S. 117, 139 (2014). Further, defendant does not contest that this Court has specific personal jurisdiction over plaintiff Waters given that he was employed by Day & Zimmerman in Massachusetts and the alleged failure to pay overtime occurred in Massachusetts.

Defendant's principal contention is that the Supreme Court's decision in <u>BMS</u> extends beyond mass tort actions to FLSA collective actions and divests this Court of specific jurisdiction over the non-Massachusetts, opt-in plaintiffs. This Court disagrees.

In BMS, approximately 600 plaintiffs, including both California residents and residents of other states, filed eight separate personal injury lawsuits in California state court

against Bristol-Myers Squibb for damages caused by its blood thinner, Plavix. 137 S. Ct. at 1777.  The plaintiffs structured their lawsuit as a coordinated, mass tort action pursuant to Cal. Civ. Proc. Code § 404. Id.  Defendant argued that the California state court lacked personal jurisdiction over it with respect to the claims of the non-California plaintiffs who had not purchased, used or been injured by Plavix in California because those plaintiffs could not demonstrate that their claims arose out of defendant's contacts with California. Id. at 1783-84.  Applying "settled principles of personal jurisdiction," the Supreme Court agreed. Id. at 1783.  The Court found that there was no connection between the forum and the claims of the non-residents and, therefore, the exercise of personal jurisdiction over defendants with respect to those claims violated the Due Process Clause of the Fourteenth Amendment. Id. at 1781.  The Court did not, however,

> confront the question whether its opinion . . . would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there.

Id. at 1789 n.4 (Sotomayor, J., dissenting).

Joining with the majority of district courts to have considered the issue, this Court has determined that BMS does not apply to Rule 23 class actions. See Munsell v. Colgate-Palmolive Co., No. CV 19-12512-NMG, 2020 WL 2561012, at *7 (D.

Mass. May 20, 2020); Rosenberg v. LoanDepot.com LLC, No. CV 19-10661-NMG, 2020 WL 409634, at *12 (D. Mass. Jan. 24, 2020). Defendants maintain, however, that an FLSA collective action is different than a Rule 23 class action and that BMS divests this Court of specific personal jurisdiction over the non-Massachusetts, opt-in plaintiffs. No United States Circuit Court of Appeals has addressed application of BMS to FLSA collective actions and district courts are squarely split on the question. See Pettenato v. Beacon Health Options, Inc., 425 F. Supp. 3d 264, 276 (S.D.N.Y. 2019) (collecting cases).

The FLSA permits plaintiffs to bring suits on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts which have declined to extend BMS often follow the reasoning first articulated by the Court in Swamy v. Title Source, Inc., No. C 17-01175 WHA, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017). See Aiuto v. Publix Super Markets, Inc., No. 1:19-CV-04803-LMM, 2020 WL 2039946, at *5 (N.D. Ga. Apr. 9, 2020) (noting that the "court finds the Swamy court's reasoning . . . persuasive"); Warren v. MBI Energy Servs., Inc., No. 19-CV-00800-RM-STV, 2020 WL 937420, at *6 (D. Colo. Feb. 25, 2020)(same); Seiffert v. Qwest Corp., No. CV-18-70-GF-BBM, 2018 WL 6590836, at *2–3 (D. Mont. Dec. 14, 2018) ("This Court agrees with the reasoning in Swamy . . . . Nothing in the plain

language of the FLSA limits its application to in-state
plaintiffs' claims.").

Concluding that the circumstances of an FLSA collective action are "far different from those contemplated by the Supreme Court in Bristol-Myers" the Swamy Court held that BMS did "not apply to divest courts of personal jurisdiction in FLSA collective actions." Swamy, 2017 WL 5196780, at *2. Specifically, the Swamy court found that an FLSA claim is a

> federal claim created by Congress specifically to address
> employment practices nationwide [that] Congress created
> [as] a mechanism for employees to bring their claims on
> behalf of other employees who are "similarly situated," and
> [Congress] in no way limited those claims to in-state
> plaintiffs.

Id. (citing 29 U.S.C. §§ 202, 207(a), 216(b)).

Further, the Swamy Court, and others that have endorsed its reasoning, found that if BMS were applied to collective actions it would contravene the express intent of Congress and serve

> [to] splinter most nationwide collective actions . . . and
> greatly diminish the efficacy of FLSA collective actions as
> a means to vindicate employees' rights.

Id.

Other sessions, including two in this district, disagree with the Swamy analysis. Those Courts have held that BMS applies to FLSA collective actions and "divests courts of specific jurisdiction over the FLSA claims of [out of state]

plaintiffs." Chavira v. OS Rest. Servs., LLC, No. 18-cv-10029-ADB, 2019 WL 4769101, at *5 (D. Mass. Sept. 30, 2019)(quoting Maclin v. Reliable Reports of Tex., Inc., 314 F. Supp. 3d 845, 850-51 (N.D. Ohio 2018)); see also Roy v. FedEx Ground Package Sys., Inc., 353 F. Supp. 3d 43 (D. Mass. 2018);

In brief, those Courts have concluded that the opt-in plaintiffs in an FLSA collective action are "more similar to plaintiffs in a mass tort action than plaintiffs in a class action" and therefore the application of BMS divests courts of personal jurisdiction over out of state opt-in plaintiffs in FLSA actions.  Chavira, 2019 WL 4769101, at *5 (quoting Roy, 353 F. Supp. 3d at 60).

This Court finds synergy with those Courts that have held BMS to be inapplicable in the FLSA context.  In evaluating specific jurisdiction, the BMS decision focused the analysis at the level of the suit.  The Supreme Court held that in order for jurisdiction to be proper, "the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum." BMS, 137 S. Ct. at 1780 (quoting Daimler, 134 S. Ct. at 760).  In the mass tort context, each individual plaintiff is a real party in interest and therefore a Court must have jurisdiction over each plaintiff.  In contrast, in an FLSA collective action the suit is between the named plaintiff and the defendant.  That other members of a putative class in the FLSA action must opt-in does

not change the dynamics of the suit which remains between the plaintiff and defendant. See Aiuto, 2020 WL 2039946, at *5 (noting that "[u]nlike in a mass tort action, in an FLSA collective action there is only one suit: the suit between Plaintiff and the Defendant[s]") (internal citations and quotations omitted); Hammond v. Floor & Decor Outlets of Am., Inc., No. 3:19-cv-01099, 2020 WL 2473717, at *14 (M.D. Tenn. May 13, 2020) (noting that the relevant question is "whether the named plaintiff . . . in the suit can exercise personal jurisdiction over the defendant"); see also Hunt v. Interactive Med. Specialists, Inc., No. 1:19CV13, 2019 WL 6528594, at *3 (N.D. W. Va. Dec. 4, 2019).

In this putative FLSA collective action, the suit is between Waters and Day & Zimmerman. The appropriate jurisdictional analysis, therefore, is at the level of Waters' claim. There is no dispute that as to Waters the requirements of the long-arm statute and the Due Process Clause are satisfied.

Courts which have extended BMS have concluded that, because an FLSA claim is more analogous to mass tort than a Rule 23 class action, the BMS reasoning is applicable. This Court respectfully disagrees. That a FLSA action may be, in some ways, similar to a mass-tort claim does not necessarily lead to the conclusion that BMS is applicable. The BMS decision was

specifically limited to "the due process limits on the exercise of specific jurisdiction by a State." BMS, 137 S. Ct. at 1777. It did not address "whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." Id.  Moreover, the concerns with respect to forum-shopping that "animated Bristol-Meyers are not present in an FLSA collective action." Aiuto, 2020 WL 2039946, at *5.  The decision itself and the meaningful distinctions between mass torts and FLSA collective actions support the conclusion that BMS does not apply to the instant case.

Congress enacted the FLSA 1) as a remedial statute specifically to address employment practices nationwide, Swamy, 2017 WL 5196780, at *2, and 2) specifically to limit duplicative lawsuits where numerous employees have been harmed by the same employers. See Cunha v. Avis Budget Car Rental, LLC, 221 F. Supp. 3d 178, 181 (D. Mass. 2016)(noting that "FLSA collective actions were created to promote the efficient adjudication of similar claims, so similarly situated employees, whose claims are often small and not likely to be brought on an individual basis, may join together...to prosecute claims.")(internal citations and quotations omitted).  Extending BMS to the FLSA context would contravene the explicit intent of Congress in enacting the FLSA.  See Sierra Club v. Sec'y of Army, 820 F.2d 513, 522 (1st Cir. 1987) (noting that "[u]nless the language of

a statute itself points in a contrary direction, courts are bound to interpret it consistent with the legislative intent, if discernible.")

Accordingly, this Court declines to extend BMS to the instant FLSA collective action. The Court has personal jurisdiction over claims brought by the named plaintiff, Waters, which is all that is needed to confer personal jurisdiction over defendant in the instant putative FLSA collective action.

**ORDER**

For the foregoing reasons the motion of defendants to dismiss (Docket No. 16) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 2, 2020