## United States District Court
## District of Massachusetts

| | |
|---|---|
| John Waters,            ) | |
|           ) | |
|       Plaintiff,     ) | |
|           ) | |
|       v.          ) | Civil Action No. |
|           ) | 19-11585-NMG |
| Day & Zimmermann NPS, Inc,   ) | |
|           ) | |
|       Defendant.     ) | |

### MEMORANDUM & ORDER

**GORTON, J.**

This is a putative collective action which arises under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). Plaintiff John Waters ("plaintiff" or "Waters") alleges for himself and others similarly situated that defendant Day & Zimmerman NPS, Inc. ("defendant" or "Day & Zimmerman") has failed to pay overtime wages in violation of the statute.  On June 2, 2020, this Court entered an order denying the motion of Day & Zimmerman to dismiss the opt-in plaintiffs who are not residents of Massachusetts for lack of personal jurisdiction. Day & Zimmerman has moved for certification of an interlocutory appeal of that order.  For the reasons that follow, that motion will be allowed.

I.   **Background**

Day & Zimmerman is a Delaware corporation with its
principal place of business in Pennsylvania engaged primarily in
the business of providing power plant services.  Waters is a
former Mechanical Supervisor who was employed by Day & Zimmerman
in Plymouth, Massachusetts from January, 2018, until May, 2018.
He alleges that defendant failed to pay him, and other similarly
situated workers, 1.5 times his regular hourly compensation for
work in excess of 40 hours per week in violation of the FLSA
(so-called "straight time for overtime").  In this action in
which the putative class has not been conditionally certified,
Waters seeks to represent all individuals who were employed by
defendant, performed substantially similar job duties and did
not receive proper overtime compensation.

The FLSA authorizes collective actions against employers
alleged to have violated the statute.  Unlike a Fed. R. Civ. P.
23 class action, the FLSA requires plaintiffs to opt-in
affirmatively.  A large number of plaintiffs have filed written
consents to join the putative collective action, many of whom
reside outside of Massachusetts.

In September, 2019, the defendants moved to dismiss the
non-Massachusetts, opt-in plaintiffs pursuant to Fed. R. Civ. P.
12(b)(2).  In that motion, Defendants argued that as a result of

the decision of the United States Supreme Court in <u>Bristol-Myers Squibb Co.</u> v. <u>Superior Court of California, San Francisco Cty.</u>, 137 S. Ct. 1773 (2017) ("<u>BMS</u>"), the Court lacked personal jurisdiction over those out of state plaintiffs.

This Court declined to extend application of the holding in <u>BMS</u> to the instant FLSA collective action, denied defendant's motion and found that it had personal jurisdiction over the the non-Massachusetts, opt-in plaintiffs.  The Court concluded that it has personal jurisdiction over claims brought by the named plaintiff, Waters, which is all that is needed to confer personal jurisdiction over defendant in the instant putative FLSA collective action.

## II.  **Motion to Certify Appeal**

### A. Legal Standard

District courts may certify an otherwise non-appealable order for interlocutory review by the Court of Appeals if the order (1) involves a controlling question of law (2) as to which there are grounds for a substantial difference of opinion and (3) an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); <u>Carabello-Seda</u> v. <u>Municipality of Hormigueros</u>, 395 F.3d 7, 9 (1st Cir. 2005).

Generally, interlocutory appeals from a denial of a motion to dismiss are disfavored and the First Circuit has emphasized that certification of an interlocutory appeal should be used

> sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.

Id.

**B. Analysis**

**1. Controlling Question of Law**

A question of law is "controlling" if reversal would terminate the action. Phillip Morris Inc. v. Harshbarger, 957 F. Supp. 327, 330 (D. Mass. 1997). Even if reversal does not lead to total resolution, however, a question may be controlling if reversal would dramatically alter the scope of the case. Id. (noting that even in the event that a reversal would "leave something of the case...the scope of the case would be so significantly altered that it would still be appropriate to call the [relevant] question controlling").

Furthermore, a controlling question typically implicates a pure legal principle that can be resolved without extensive consultation to the record and commonly involves "a question of the meaning of a statutory or constitutional provision." S. Orange Chiropractic Ctr., LLC v. Cayan LLC, No. 15-c-13069PBS, 2016 WL 3064054, at *2 (D. Mass. May 31, 2016). Such a question

generally promotes the possibility of "curtailing and simplifying pretrial or trial". Id. (quoting 16 Charles Alan Wright et al., Federal Practice and Procedure § 3930 (3d ed.).

Although reversal would not terminate the entire action because the named plaintiff (and any putative Massachusetts class members) would be unaffected, it would eliminate at least 109 non-Massachusetts plaintiffs (out of a total of 112 current plaintiffs) and would preclude any other such potential plaintiffs from joining the litigation. As such it would drastically alter and simplify all aspects of litigation, including both the FLSA class certification and the merits. See 16 Charles Alan Wright et al., Federal Practice and Procedure § 3930 (3d ed.)

Moreover, as the defendants note, a reversal of this Court's decision would necessarily conclude the litigation as to the 109 non-Massachusetts opt-in plaintiffs for lack of personal jurisdiction.

Finally, there can be no debate that the applicability of BMS to FLSA collective action and the determination of whether this Court has personal jurisdiction over the non-Massachusetts opt-in plaintiffs is a purely legal question. It is an unqualified constitutional issue which requires no extensive consultation to the record or questions of fact. Meijer, 245 F. Supp. 3d at 315.

-5-

## 2. Materially Advance the Termination of Litigation

The requirement that an immediate appeal materially advance the ultimate termination of the litigation is "closely tied" to the controlling-question-of-law element. Philip Morris, 957 F. Supp. at 330.  This condition is satisfied if reversal of the Court's decision advances the termination of the litigation. Meijer, 245 F. Supp. 3d at 315 (citing United Air Lines, Inc. v. Gregory, 716 F. Supp. 2d 79, 92 (D. Mass. 2010).

For reasons stated above, a reversal would materially impact litigation because it would resolve the case as to 109 current plaintiffs and drastically curtail and simplify pretrial and trial proceedings. See Simmons v. Galvin, No. CV 01-11040-MLW, 2008 WL 11456109, at *3 (D. Mass. Jan. 16, 2008) (noting that a question is controlling and would materially advance the termination of litigation if "interlocutory reversal might save time for the district court, and time and expense for the litigants." (quoting Wright et al., Federal Practice and Procedure § 3930 (3d ed.)

## 3. Substantial Difference of Opinion

A substantial ground for a difference of opinion arises where an issue involves "one or more difficult and pivotal questions of law not settled by controlling authority." Meijer, 245 F. Supp. at 314-15.  The issue must involve a legal

principle rather than an application of a legal principle to a unique set of facts.  Id.

There is no question that the relevant question of law presents a substantial ground for difference of opinion.  As of this writing, 13 other district judges have reached the same conclusion as this session of this Court and held that BMS does not apply to FLSA collective actions, while 11 district judges have taken the contrary position. See David Chavez et al. v. Stellar Management Group VII, LLC et, No. 19-CV-01353-JCS, 2020 WL 4505482, at *6 (N.D. Cal. Aug. 5, 2020)(collecting cases). Indeed, the instant decision differs from that of two other judges in the District of Massachusetts and one in the District of New Hampshire, thereby creating a conflict within the trial courts of the First Circuit.  Such a split clearly constitutes a substantial difference of opinion.  Moreover, as this Court has previously noted, neither the First Circuit nor any other Circuit Court of Appeals has yet addressed this question.

Finally, the Court notes that personal jurisdiction is among those categories of rulings "obviously suited for interlocutory appeal." See Wright et al., Federal Practice and Procedure § 3931 (3d ed.)

In summary, the circumstances here are "sufficiently novel and important, and ... sufficiently out of the ordinary" to warrant interlocutory appeal.  In re San Juan Dupont Plaza Hotel

Fire Litig., 859 F.2d 1007, 1010 n.1 (1st Cir. 1988).  Whether the Supreme Court's decision in BMS extends beyond mass tort actions to FLSA collective actions is a unique and significant legal question subject to reasoned differences of opinion of judges of this and other districts across the country.  Because resolution of this question further involves a controlling question of law and an immediate appeal would materially advance the ultimate termination of the litigation, the Court finds that interlocutory appeal is justified in this particular case.

## ORDER

For the foregoing reasons the motion of defendants for certification of an interlocutory appeal (Docket No. 85) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 14, 2020