i

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN WATERS, Individually and for Others Similarly Situated,<br><br>v.<br><br>DAY & ZIMMERMAN NPS, INC. | Case No. 1:19-CV-11585-NMG<br><br>JURY TRIAL DEMANDED<br><br>FLSA COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216 |

**PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT, SERVICE AWARD, ATTORNEYS' FEES, AND COSTS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................................ii

TABLE OF AUTHORITIES ..........................................................................................................iii

INTRODUCTION ...........................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ....................................................................2

    I.    Factual Allegations ............................................................................................................2

    II.    Overview of Investigation, Litigation, and Settlement Negotiations .......................2

SUMMARY OF THE SETTLEMENT TERMS.............................................................................3

    I.    Settlement Amount ............................................................................................................3

    II.    Payments to Plaintiffs ........................................................................................................3

    III.    Payment Procedure ............................................................................................................3

    IV.    Release ................................................................................................................................3

    V.    Allocation Formula ............................................................................................................4

    VI.    Service Award ....................................................................................................................4

    VII.    Attorneys' Fees and Litigation Costs ...............................................................................4

ARGUMENT...................................................................................................................................5

    I.    A One-Step Approval Process Is Standard for FLSA Settlements. ..........................5

    II.    The Settlement Is Fair and Reasonable and Should Be Approved. ........................6

    III.    The Service Award to Plaintiff Should Be Approved as Fair and Reasonable. .....9

    IV.    Attorneys' Fees and Costs Should Be Approved as Fair and Reasonable. ..........10
    A.    Attorneys' Fees and Costs were Separately Negotiated. ..........................................10
    B.    Even if the Court Should Apply the Percentage of the Fund Method, Attorneys' Fees are Reasonable. .........................................................................................................12

CONCLUSION..............................................................................................................................13

## **TABLE OF AUTHORITIES**

Page(s)

Cases

*Aros v. United Rentals, Inc.*,
Nos. 10 Civ. 73, *et al.*, 2012 WL 3060470 (D. Conn. July 26, 2012) ...................................5

*Barbee v. Big River Steel, LLC*,
927 F.3d 1024 (8th Cir. 2019) ...............................................................................................11

*Beckman v. KeyBank, N.A.*,
293 F.R.D. 467 (S.D.N.Y. 2013)............................................................................................6

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980) ..............................................................................................................12

*Bozak v. Fedex Ground Package Sys., Inc.*,
No. 11 Civ. 738, 2014 WL 3778211 (D. Conn. July 31, 2014)......................................... 5, 9

*Bussie v. Allamerica Fin. Corp.*,
No. 97 Civ. 40204, 1999 WL 342042 (D. Mass. May 19, 1999) ..........................................9

*Campbell v. Advantage Sales & Mktg. LLC*,
No. 09 Civ. 1430, 2012 WL 1424417 (S.D. Ind. Apr. 24, 2012) ...........................................5

*Cunha v. Avis Budget Car Rental, LLC*,
No. 16 Civ. 10545, 2016 WL 6304432 (D. Mass. Oct. 26, 2016) .........................................5

*Curtis v. Scholarship Storage Inc.*,
No. 14 Civ. 303, 2016 WL 3072247 (D. Me. May 31, 2016) ...............................................6

*DeLeon v. Wells Fargo Bank, N.A.*,
No. 12 Civ. 4494, 2015 WL 2255394 (S.D.N.Y. May 7, 2015) ..........................................10

*Dent v. ITC Serv. Grp., Inc.*,
No. 12 Civ. 00009, 2013 WL 5437331 (D. Nev. Sept. 27, 2013).......................................10

*Dixon v. Zabka*,
No. 11 Civ. 982, 2013 WL 2391473 (D. Conn. May 23, 2013).............................................5

*Durrett v. Hous. Auth. of City of Providence*,
896 F.2d 600 (1st Cir. 1990) ..................................................................................................6

*Genesis Healthcare Corp. v. Symczyk*,
133 S. Ct. 1523 (2013) ............................................................................................................5

*Henry v. Little Mint, Inc.*,
No. 12 Civ. 3996, 2014 WL 2199427 (S.D.N.Y. May 23, 2014) ..........................................7

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ..............................................................................................................11

*In re Celexa & Lexapro Mktg. & Sales Practices Litig.*,
No. MDL 09-2067, 2014 WL 4446464 (D. Mass. Sept. 8, 2014) .........................................9

*In re Domestic Air Tranp. Antitrust Litig.*,
148 F.R.D. 297 (N.D. Ga. 1993)............................................................................................8

*In re Newbridge Networks Sec. Litig.*,
1998 WL 765724 (D.D.C. Oct. 23, 1998) .............................................................................8

*In re Ravisent Techs., Inc. Sec. Litig.*,
2005 WL 906361 (E.D. Pa. Apr. 18, 2005) ...........................................................................8

*In re Relafen Antitrust Litig.*,
231 F.R.D. 52 (D. Mass. 2005) ............................................................................................13

*In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*,
  56 F.3d 295 (1st Cir. 1995) ................................................................................................ 12, 13
*Koszyk v. Country Fin. a/k/a CC Servs., Inc.*,
  No. 16 Civ. 3571, 2016 WL 5109196 (N.D. Ill. Sept. 16, 2016) ................................................ 5
*Lapan v. Dick's Sporting Goods, Inc.*,
  No. 13 Civ. 11390, 2015 WL 8664204 (D. Mass. Dec. 11, 2015) ............................................. 7
*Lazy Oil Co. v. Witco*,
  95 F. Supp. 2d 290 (W.D. Pa. 1997) .......................................................................................... 8
*Lynn's Food Stores, Inc. v. United States*,
  679 F.2d 1350 (11th Cir. 1982) .................................................................................................. 6
*Norman v. Hous. Auth. of the City of Montgomery*,
  836 F.2d 1292 (11th Cir. 1988) ................................................................................................ 13
*O'Connor v. Oakhurst Dairy*,
  No. 14 Civ. 00192, 2015 WL 2452678 (D. Me. May 22, 2015) ................................................ 5
*Pike v. New Generation Donuts, LLC*,
  No. 12 Civ. 12226, 2016 WL 707361 (D. Mass. Feb. 20, 2016) ................................................ 5
*Powell v. Lakeside Behavioral Healthcare, Inc.*,
  No. 11 Civ. 719, 2011 WL 5855516 (M.D. Fla. Nov. 22, 2011) ................................................. 5
*Prena v. BMO Fin. Corp.*,
  No. 15 Civ. 9175, 2015 WL 2344949 (N.D. Ill. May 15, 2015) ................................................. 5
*Raymer v. Mollenhauer*,
  No. 10 Civ. 210, 2011 WL 338825 (N.D. Ind. Jan. 31, 2011) .................................................... 5
*Roberts v. Apple Sauce, Inc.*,
  No. 12 Civ. 830, 2014 WL 4804252 (N.D. Ind. Sept. 25, 2014) ................................................ 5
*Scovil v. FedEx Ground Package Sys., Inc.*,
  No. 10 Civ. 515, 2014 WL 1057079 (D. Me. Mar. 14, 2014) ......................................... 6, 9, 10
*Shaw v. Toshiba America Information Systems, Inc.*,
  91 F. Supp. 2d 942 (E.D. Tex. 2000) ......................................................................................... 8
*Singleton v. AT&T Mobility Servs., LLC*,
  146 F. Supp. 3d 258 (S.D.N.Y. 2015) ........................................................................................ 6
*United States v. Cannons Eng'g Corp.*,
  899 F.2d 79 (1st Cir. 1990) ........................................................................................................ 6
*Velez v. Majik Cleaning Serv., Inc.*,
  No. 03 Civ. 8698, 2007 WL 7232783 (S.D.N.Y. June 25, 2007) ............................................... 9
*Warren v. Cook Sales, Inc.*,
  No. CV 15-0603-WS-M, 2017 WL 325829 (S.D. Ala. Jan. 23, 2017) ............................... 11, 12
*Wong v. Accretive Health, Inc.*,
  773 F.3d 859 (7th Cir. 2014) ...................................................................................................... 9
*Woods v. N.Y. Life Ins. Co.*,
  686 F.2d 578 (7th Cir. 1982) ...................................................................................................... 6
*Woolfson v. Caregroup, Inc.*,
  No. 09 Civ. 11464, 2010 WL 10063268 (D. Mass. Sept. 13, 2010) .......................................... 7

Statutes

29 U.S.C. § 216(b) ............................................................................................................................ 5

Other Authorities

William B. Rubenstein, Newberg on Class Actions § 13.44 (5th Ed.) ....................................................... 6

## **INTRODUCTION**

Plaintiff John Waters ("Named Plaintiff") and Defendant Day & Zimmermann NPS, Inc. ("Defendant" and, together with Named Plaintiff, the "Parties") have agreed, subject to Court approval, to resolve this wage and hour lawsuit with Named Plaintiff and all 131 Opt-in Plaintiffs who filed notices of consent in this lawsuit (collectively, "Plaintiffs"). The settlement satisfies the criteria for approval of a Fair Labor Standards Act ("FLSA") collective action settlement because it resolves a bona-fide dispute. The settlement was reached after in-depth investigation, contested pleadings, discovery (including voluminous document discovery and three depositions), a full day mediation with experienced wage and hour mediator, Michael Russell, and review of documentary evidence and payroll data. The settlement was the result of arm's-length settlement negotiations between experienced counsel and provides good value to the workers it will benefit ('hereinafter "Settlement"). Exhibit A, Josephson Decl., ¶¶22, 24, 27, 28, 36.

As shown below, the Parties' Settlement (Exhibit B, under seal) is a fair and reasonable resolution to a *bona fide* dispute between the Parties regarding the Plaintiffs' classification status under the FLSA. Under the Settlement, the Gross Settlement Amount (defined below) represents approximately 66% of the two-year back wages and 54% of the three year back wages. *See* Ex. A, at ¶35.

Named Plaintiff respectfully requests that the Court issue an order: (1) approving the Settlement set forth in the Settlement Agreement and Release ("Settlement Agreement"), attached as Exhibit B (filed under seal); (2) approving a Service Award of $5,000.00 to Waters; (3) approving the separately negotiated amount of attorneys' fees inclusive of costs; and (4) dismissing the Lawsuit as to all Plaintiffs with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

I. **Factual Allegations**

Named Plaintiff is a former employee of Defendant who was staffed to power plant related companies. Named Plaintiff alleges that Defendant violated the FLSA by improperly classifying him and other employees who were staffed to power generation stations/plants as exempt from federal overtime requirements and failing to pay them overtime wages. Specifically, Named Plaintiff claimed he and other workers were paid the same hourly rate for all hours worked, including those in excess of 40 per workweek, without a guaranteed salary or overtime pay. Ex. A, ¶¶9-10. Defendant denies these allegations and denies that the Plaintiffs were/are "similarly situated" such that this case could proceed on a collective action basis.

II. **Overview of Investigation, Litigation, and Settlement Negotiations**

Before the initiation of this action, Plaintiffs' Counsel conducted a thorough investigation into the merits of the potential claims and defenses. *Id.* ¶12. Plaintiffs' Counsel focused their investigation and legal research on the underlying merits of the potential collective action members' claims, the damages to which they claimed to be entitled, and the propriety of collective action certification. Plaintiffs' Counsel obtained and reviewed documents from Waters and other sources, including job descriptions and pay records. *Id.* ¶16. Plaintiffs' Counsel and staff also conducted in-depth interviews of Named Plaintiff and the Opt-in Plaintiffs.

On July 22, 2019, Named Plaintiff filed a Collective Action Complaint (the "Complaint") against Defendant in this Court on behalf of himself and others alleged to be similarly situated, alleging that Defendant violated the FLSA by improperly classifying them and other employees as exempt from federal overtime requirements and failing to pay them overtime wages. Doc. 1. The Complaint seeks recovery of overtime wages, attorneys' fees and costs, interest, and liquidated damages. *Id.* Defendant answered the Complaint and disputed (and continues to dispute) all material allegations,

maintaining that Plaintiffs were appropriately classified as exempt from overtime under the FLSA and that the Named Plaintiff's allegations were not suitable for collective adjudication. Doc. 17. Defendant moved to dismiss all Opt-in Plaintiffs who did not work or reside in Massachusetts. Doc. 16. This Court denied Defendant's motion and subsequent appeals followed. Following the U.S. Supreme Court's Order denying certiorari, the Parties began to focus on resolution.

## SUMMARY OF THE SETTLEMENT TERMS

### I. Settlement Amount

The Settlement Agreement establishes a Gross Settlement Amount which consists of (1) the negotiated settlement payments for distribution to the Plaintiffs; (2) a negotiated award of attorneys' fees and costs; and (3) Service Award for the Named Plaintiff of $5,000.00.

### II. Payments to Plaintiffs

Plaintiffs will receive their share of the Settlement as follows: (1) one half as back wages, from which taxes will be withheld and for which a W-2 will be issued; and (2) one half as liquidated damages, for which Form 1099s will be issued. Defendant will pay the employer's share of any payroll taxes owing on any payment subject to payroll taxes.

### III. Payment Procedure

Within thirty-five (35) calendar days after the Court's approval of the Settlement Agreement becomes final, Defendant shall mail agreed upon and Court approved Settlement Notice to all Plaintiffs along with each Plaintiffs' individual Settlement Award check. The Settlement Award checks shall be valid and negotiable for a period of one hundred and eighty (180) days (the "180-Day Period").

### IV. Release

Named Plaintiffs and Opt-In Plaintiffs will release Defendant and all Releasees from any and all wage and hour and wage payment claims, demands, rights, liabilities, suits, and causes of action of

3

every nature, kind, and description, whether unknown or unknown, whether based on federal, state or local law, including the FLSA, arising under or relating to misclassification, minimum wage, overtime, or any other wages during their employment, including the claims asserted or that could have been asserted in the Lawsuit.

According to the Settlement Agreement, Plaintiffs, to the fullest extent allowed by law, are prohibited from asserting any claims released by them in this Settlement, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against Defendant and/or any Releasee, based on claims released by them in the Settlement.

In consideration of his service award and providing crucial information to the prosecution of the case, Named Plaintiff will provide a general release of Defendant.

## V. Allocation Formula

Plaintiffs will receive a Settlement Award pursuant to an allocation formula based on the number of overtime hours they worked for Defendant during the two-year maximum limitation periods. All Settlement Award determinations shall be based on Defendant's payroll records.

## VI. Service Award

The Settlement Agreement provides that, subject to Court approval, Waters will receive a $5,000.00 Service Award in recognition of assistance rendered in obtaining the benefits of the Settlement for the Plaintiffs as well as the risks he felt they took to do so and his general release of Defendant.

## VII. Attorneys' Fees and Litigation Costs

Under the Settlement Agreement, subject to Court approval, Plaintiffs' Counsel will receive a separately negotiated 41.8% of the Gross Settlement Amount as attorneys' fees, which is **inclusive** of reimbursement which represents reasonable out-of-pocket costs and expenses incurred in litigating

4

and resolving this matter and the continued work obtaining the approval of this Settlement.

## ARGUMENT

### I. A One-Step Approval Process Is Standard for FLSA Settlements.

Throughout the country, a one-step approval process, rather than the two-step process for settlement approval of class actions, is appropriate in FLSA settlements that do not include classes under Federal Rule of Civil Procedure 23 ("Rule 23").[1] This is because collective actions under 29 U.S.C. § 216(b) of the FLSA ("Section 216(b)") do not implicate the same due process concerns as Rule 23 class actions since there are no absent class members. *O'Connor v. Oakhurst Dairy*, No. 14 Civ. 00192, 2015 WL 2452678, at *4 (D. Me. May 22, 2015) ("The due process safeguards built into Rule 23 class actions are not necessary in the FLSA collective action context."). "Unlike Federal Rules of Civil Procedure Rule 23 class actions, FLSA collective actions require similarly situated employees to affirmatively opt-in and be bound by any judgment." *Cunha v. Avis Budget Car Rental, LLC*, No. 16 Civ. 10545, 2016 WL 6304432, at *2 (D. Mass. Oct. 26, 2016) (internal quotation marks omitted); *Pike v. New Generation Donuts, LLC*, No. 12 Civ. 12226, 2016 WL 707361, at *3 (D. Mass. Feb. 20, 2016) (same); *O'Connor*, 2015 WL 2452678, at *4 ("[W]ith an opt-in collective action, only individuals who affirmatively chose to join the litigation will be bound by its outcome."); *see also Genesis Healthcare Corp.*

---

[1] *See Bozak v. Fedex Ground Package Sys., Inc.*, No. 11 Civ. 738, 2014 WL 3778211, at *2 (D. Conn. July 31, 2014); *Dixon v. Zabka*, No. 11 Civ. 982, 2013 WL 2391473, at *1-2 (D. Conn. May 23, 2013); *Campbell v. Advantage Sales & Mktg. LLC*, No. 09 Civ. 1430, 2012 WL 1424417, at *1 (S.D. Ind. Apr. 24, 2012); *Aros v. United Rentals, Inc.*, Nos. 10 Civ. 73, *et al.*, 2012 WL 3060470, at *2 (D. Conn. July 26, 2012); *Castillo v. Noodles & Co.*, No. 16 Civ. 03036 (N.D. Ill. Dec. 23, 2016) ("A one-step settlement approval process is appropriate[]" in FLSA settlements.); *Briggs v. PNC Fin. Servs. Grp. Inc.*, No. 15 Civ. 10447 (N.D. Ill. Nov. 29, 2016) (same); *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016); *Watson v. BMO Fin. Corp.*, No. 15 Civ. 11881 (N.D. Ill. July 11, 2016); *Blum v. Merrill Lynch & Co., Inc.*, No. 15 Civ. 1636 (S.D.N.Y. May 6, 2016); *Besic v. Byline Bank, Inc.*, No. 15 Civ. 8003 (N.D. Ill. Oct. 26, 2015); *Prena v. BMO Fin. Corp.*, No. 15 Civ. 9175, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) ("One step is appropriate because this is an FLSA collective action, where collective members must affirmatively opt-in in order to be bound by the settlement (including the settlement's release provision)."); *Anwar v. Transp. Sys., Inc.*, No. 13 Civ. 2666 (S.D.N.Y. Nov. 17, 2014); *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014); *Powell v. Lakeside Behavioral Healthcare, Inc.*, No. 11 Civ. 719, 2011 WL 5855516, at *1 (M.D. Fla. Nov. 22, 2011); *Raymer v. Mollenhauer*, No. 10 Civ. 210, 2011 WL 338825, at *1 (N.D. Ind. Jan. 31, 2011).

*v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA[.]")Accordingly, courts do not apply the exacting standards for approval of a class action settlement under Rule 23 to FLSA settlements. *See, e.g.*, *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) ("[T]he standard for approval of an FLSA settlement is lower than for a class action under Rule 23."); *see also Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579- 80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class action that are not present in FLSA collective actions).

## II.     The Settlement Is Fair and Reasonable and Should Be Approved.

The Court has a duty to determine whether the proposed settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Curtis v. Scholarship Storage Inc.*, No. 14 Civ. 303, 2016 WL 3072247, at *2 (D. Me. May 31, 2016) (internal quotation marks omitted); *see also Singleton v. AT&T Mobility Servs., LLC*, 146 F. Supp. 3d 258, 260 (S.D.N.Y. 2015) (same).  Courts approve wage and hour settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See, e.g.*, *Curtis*, 2016 WL 3072247 at *3; *Singleton*, 146 F. Supp. 3d at 260; *Scovil v. FedEx Ground Package Sys., Inc.*, No. 10 Civ. 515, 2014 WL 1057079, at *1 (D. Me. Mar. 14, 2014). If a proposed settlement reflects a reasonable compromise over contested issues, a court should approve the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . . . we allow the district court to approve the settlement. . . ."); *Curtis,* 2016 WL 3072247, at *2 ("A court may approve a FLSA settlement if it is 'a fair and reasonable resolution of a bona fide dispute over FLSA provisions'"); *see also United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990) ("[I]t is the policy of the law to encourage settlements."); *Durrett v. Hous. Auth. of City of Providence*, 896 F.2d 600, 604 (1st Cir. 1990) (noting "the clear policy in favor of encouraging settlements") (internal quotation marks omitted); William B. Rubenstein, Newberg on Class Actions § 13.44 (5th Ed.) ("The law favors settlement,

particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals.").

The Settlement in this case easily meets the standard for approval. The Settlement was the result of extensive pre-suit investigation, formal discovery (including exchange of voluminous document discovery and depositions), two full day mediations, and substantial arm's-length negotiations. *See generally*, Ex. A. *See also, Woolfson v. Caregroup, Inc.*, No. 09 Civ. 11464, 2010 WL 10063268, at *2 (D. Mass. Sept. 13, 2010) (approving FLSA settlement where it was "the result of arms-length negotiations between experienced counsel representing the interests of the plaintiffs and defendant, after thorough factual and legal investigation"). Recognizing the uncertain legal and factual issues involved, the Parties reached the Settlement pending before the Court.

The Settlement amount is fair and appropriate, especially in light of the considerable risk that Named Plaintiff faces. Ex. A, ¶¶36 - 39. A trial on the merits would involve significant risks for Named Plaintiff and Opt-In Plaintiffs as to both liability, damages, and costs. And there is considerable risk that the Plaintiffs could not proceed with their claims on a collective-basis.

Finally, unless Plaintiffs meet their burden to prove a "willful" violation, only a 2-year limitation period will apply and thus their potential damages will be diminished.

The proposed allocation of the Settlement is also reasonable. It reflects a proportion of damages sought by Named Plaintiff based on the actual hours worked by Plaintiffs and paid by Defendant, which is a reasonable approximation of each individual's alleged damages. *See, e.g., Lapan v. Dick's Sporting Goods, Inc.*, No. 13 Civ. 11390, 2015 WL 8664204 (D. Mass. Dec. 11, 2015) (approving class and collective overtime settlement agreement with an allocation formula based upon the number of weeks worked by class members); *Henry v. Little Mint, Inc.*, No. 12 Civ. 3996, 2014 WL 2199427, at *3, *17 (S.D.N.Y. May 23, 2014) (approving allocation formula based in part on number of workweeks class members were employed during the class period).

In the present case, the Settlement will provide individual settlement payments to the Plaintiffs representing a substantial percentage of their claimed damages as calculated by Plaintiffs' counsel. Ex. A, at ¶35. The proposed method of allocation (individual payments proportionate to their claimed damages) is fair to all. *See Lazy Oil Co. v. Witco,* 95 F. Supp. 2d 290, 339 (W.D. Pa. 1997) (approving 35% recovery for the entire class period, and 25.5% of damages within the limitations period); *In re Domestic Air Tranp. Antitrust Litig.,* 148 F.R.D. 297, 325 (N.D. Ga. 1993) (12.7% to 15.3%); *In re Newbridge Networks Sec. Litig.,* 1998 WL 765724, at *2 (D.D.C. Oct. 23, 1998) (approving settlement and concluding that while "[c]ourts have not identified a precise numerical range within which a settlement must fall in order to be deemed reasonable; [ ] an agreement that secures roughly six to twelve percent of a *potential* trial recovery, while preventing further expenditures and delays and eliminating the risk that no recovery at all will be won, seems to be within the targeted range of reasonableness"); *In re Ravisent Techs., Inc. Sec. Litig.,* 2005 WL 906361, at *9 (E.D. Pa. Apr. 18, 2005) (approving settlement, which amounted to 12.2% of damages, and citing a study by Columbia University Law School, which determined that "since 1995, class action settlements have typically recovered between 5.5% and 6.2% of the class members' estimated losses.") (internal citations omitted); *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942, 988 (E.D. Tex. 2000) (citing study conducted by the National Economic Research Associates: "the average result achieved for class members was only 7% to 11% of claimed damages."). Under the Settlement, the Gross Settlement Amount represents approximately 66% of the two-year back wages and 54% of the three year back wages. *See* Ex. A ¶35. Further, even after attorneys' fees and costs, the Net Settlement Amount payable to the Plaintiffs is approximately 38% of their two-year back wages and 31% of their three-year back wages. *Id.* The recovery by the Plaintiffs is well within the normal range for settlements of this nature which have been approved by courts nationwide. *Id.* ¶36.

The quality of this result speaks for itself, and no further analysis, or speculation about net

expected value, is required. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863-864 (7th Cir. 2014)(where "the settlement was proposed by an experienced third-party mediator after an arm's-length negotiation where the parties' positions on liability and damages were extensively briefed and debated" the district court was not required to quantify the net expected value of continued litigation).

**III.     The Service Award to Plaintiff Should Be Approved as Fair and Reasonable.**

Named Plaintiff request approval of Service Awards of $5,000.00. The Service Award that he requests is reasonable given the contributions he made to advance the prosecution and resolution of the lawsuit. *Scovil*, 2014 WL 1057079, at *6 ("Because a named plaintiff is an essential ingredient of any class action, an incentive award can be appropriate to encourage or induce an individual to participate in the suit."). This is especially true in employment litigation. *See Bozak*, 2014 WL 3778211, at *4 ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co- workers." (quoting *Velez v. Majik Cleaning Serv., Inc.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 25, 2007) (internal quotation marks omitted)); *see generally* Nantiya Ruan, *Bringing Sense to Incentives: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Poly J. 395 (2006).

Service awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by plaintiffs. *See, e.g., In re Celexa & Lexapro Mktg. & Sales Practices Litig.*, No. MDL 09-2067, 2014 WL 4446464, at *9 (D. Mass. Sept. 8, 2014) ("The purpose of [] incentive awards is to reimburse the plaintiffs for their effort in pursuing the claims on behalf of the entire class."); *Bussie v. Allamerica Fin. Corp.*, No. 97 Civ. 40204, 1999 WL 342042, at *3-4 (D. Mass. May 19, 1999) (noting courts consider, *inter alia*, efforts of the named plaintiff in granting awards). Service awards are commonly awarded to those who serve the class's and collective's interests. *Scovil*,

2014 WL 1057079, at *6.

Courts in this circuit and others have approved service awards for the same (or more) amounts in employment cases. *See, e.g.*, *Scovil*, 2014 WL 1057079, at *8 (approving $15,000 service awards to plaintiffs who provided assistance throughout the lawsuit and discussing comparable awards in other district courts); *DeLeon v. Wells Fargo Bank, N.A.*, No. 12 Civ. 4494, 2015 WL 2255394, at *7 (S.D.N.Y. May 7, 2015) (approving $15,000 service to plaintiff for "participating in a lawsuit against her former employer and the efforts she made on behalf of the class, including producing documents, continuously speaking with Class Counsel, and actively participating in the mediation"); *Dent v. ITC Serv. Grp., Inc.*, No. 12 Civ. 00009, 2013 WL 5437331, at *4, *9 (D. Nev. Sept. 27, 2013) (approving $15,000 award where plaintiff "subjected himself to a substantial, and detrimental, level of notoriety by instituting this lawsuit, assumed a significant financial risk by prosecuting this litigation, and pledged to fully participate in discovery in this case and fully cooperated with Class Counsel in prosecuting this case.") (internal quotation marks omitted). Here, Named Plaintiff's actions have resulted in meaningful and appropriate benefit to Plaintiffs, leading to an overall result which is fair and reasonable.

Further, in consideration of his service award, Plaintiff will provide a general release of Defendant.

## IV. Attorneys' Fees and Costs Should Be Approved as Fair and Reasonable.

### A. Attorneys' Fees and Costs were Separately Negotiated.

Plaintiffs' Counsel will receive 41.8% of the Gross Settlement Amount as payment of fees and inclusive of reasonable costs. Before beginning an analysis of whether to approve the agreed upon fee, it is important to note the Parties negotiated attorney's fees separately from the amount the Plaintiffs will receive. The amount requested for attorneys' fees is fair and reasonable and was separately negotiated by the Parties. Ex. A, ¶¶30-32. It was also agreed upon in the retainer agreement with

Plaintiffs, that Counsel could separately negotiate fees sufficient to account for the risks associated with this representation. Plaintiffs' Counsel has worked without any compensation to date on the case against Defendant, and Plaintiffs' Counsel's fee has been wholly contingent upon the result achieved. Consistent with the fee agreement between Named Plaintiff and Plaintiffs' Counsel, the Parties specifically agreed on the allocation of the Gross Settlement Amount that would be attributed to Plaintiffs as their Settlement Award and the amount that would be paid to Plaintiffs' Counsel to compensate them for their fees and costs. As a necessary corollary, a decrease in the fee award will not result in an increase in the amount of the Net Settlement Amount. Perhaps more to the point, the attorneys' fees called for under the Settlement are reasonable and there is no reason to reject the Parties' agreement on this point.

Supreme Court precedent not only permits but endorses settlement of attorney's fees in aggregate litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."). Recent FLSA authority suggests that when they do under circumstances that exist here, that should end the matter. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("parties [are] entitled to settle the attorney fee issue, and no law g[ives a] district court authority to interfere with that unconditional right"). The Parties reached the agreed upon fee after reaching a settlement that exceeds the average overtime settlement.[2]

"While attorney's fee settlements in FLSA cases may be problematic … where the fee award

---

[2] There is no benefit to the Plaintiffs if the Court were to reduce the amount of attorneys' fees. As a result, "sliding plaintiffs' counsel's fee … down by even large amounts" would merely "increase the total funds that revert to [D&Z], but would not lower or raise the recovery of any … Plaintiff by even a penny." *Warren v. Cook Sales, Inc.*, No. CV 15-0603-WS-M, 2017 WL 325829, at *8 (S.D. Ala. Jan. 23, 2017) (awarding the % fee requested in the settlement agreement). Any reduction in the fee, therefore, would not balance the scales or increase the benefits to the Plaintiffs but instead would merely be punitive against Plaintiffs' Counsel. Nothing in the history of this action would justify such a measure against counsel, nor has any party argued for a reduction. Indeed, every party to this litigation bargained for this result. Any concern by the Court that this Settlement is made at the expense of the Plaintiffs is allayed by the terms of agreement and the efforts of all Parties.

11

adversely impacts the plaintiffs' recovery, no such concerns exist here." *Warren*, 2017 WL 325829, at *8. "As such, the sound policy justifications counseling in favor of judicial reasonableness review of the attorney's fee portion of FLSA settlements are not implicated." *Id.* The agreed upon fee should be approved.

Regardless, due to the length of the pending litigation, complexity, extensive motion practice, multiple *appellate* filings, Plaintiffs' Counsel's separately negotiated fees and costs are reasonable. Almost all of Plaintiffs' counsel's cases have been taken on pure contingency, including all out-of-pocket costs and expenses. This highlights the risks associated with wage and hour matters and illustrates that Plaintiffs' counsel stood to gain nothing in the event the case was unsuccessful. Moreover, in Plaintiffs' Counsel's experience, wage and hour cases are inherently high-disk due to often unexpected closings and collection issues.

To the extent approval is necessary, it should be given here.

**B. Even if the Court Should Apply the Percentage of the Fund Method, Attorneys' Fees are Reasonable.**

The separately agreed upon 41.8% of the Gross Settlement Amount as attorneys' fees including costs and expenses is reasonable. When counsel's efforts result in the creation of a common fund, counsel is "entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995). This is "founded on the equitable principle that those who have profited from litigation should share its costs." *Id.* at 305 n.6.

Although there are two ways to compensate attorneys for successful prosecution of statutory claims — the lodestar method and the percentage of the fund method, *see In re Thirteen Appeals*, 56 F.3d at 306-7 — courts generally favor awarding fees in common fund cases based upon a percentage of the fund. *Id.* at 307 (noting that "use of the percentage of the fund method in common fund cases

is the prevailing praxis").

This is so because employing the percentage of the fund method in common fund cases promotes judicial economy. The percentage of the fund method promotes early resolution of cases and removes the incentive for plaintiffs' lawyers to engage in wasteful litigation in order to increase their billable hours. *See id.* ("using the [percentage of fund] method in a common fund case enhances efficiency…."); *see also Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1300 (11th Cir. 1988) (explaining that "[f]rom the beginning and throughout a case, expertise in negotiations and tactics often advances a client's cause more quickly and effectively than the sustained and methodical trench warfare of the classical litigation model"). Where attorneys' fees are limited to a percentage of the total, there is a strong disincentive for attorneys "to be inefficient or to drag [their] feet in pursuing settlement options." *In re Thirteen Appeals*, 56 F.3d at 307. Moreover, the percentage method preserves judicial resources because it permits courts to focus on the benefit conferred upon a class or collective rather than the cumbersome task of reviewing complicated and lengthy billing documents. *Id.* ("[T]he [percentage of the fund] method permits the judge to focus on a showing that the fund conferring a benefit on the class resulted from the lawyers' efforts.") (internal quotation marks and citation omitted).

The "First Circuit does not require a court to cross check the percentage of fund against the lodestar in its determination of the reasonableness of the requested fee." *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 81 (D. Mass. 2005) (*citing In re Thirteen Appeals*, 56 F.3d at 307).

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court issue an order: (1) approving the Settlement as fair, adequate, and reasonable, as set forth in the Settlement Agreement and Release attached hereto as Exhibit B (under seal); (2) approving Service Award of $5,000.00 to Waters; (3) approving Plaintiffs' separately negotiated 41.8% of the Gross Settlement Amount for

attorneys' fees inclusive of costs and litigation expenses; (4) incorporating the terms of the Settlement Agreement; (5) dismissing this case with prejudice as to all Plaintiffs.

        Respectfully submitted,

By: */s/ Richard M. Schreiber*
    **Michael A. Josephson**
    State Bar No. 24014780
    **Andrew W. Dunlap**
    State Bar No. 24078444
    **Richard M. Schreiber**
    State Bar No. 24083395
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    rschreiber@mybackwages.com

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **AND**

    Philip J. Gordon
    Kristen M. Hurley
    **GORDON LAW GROUP**
    585 Boylston Street
    Boston, MA 02116
    Telephone: 617-536-1800
    Facsimile: 617-536-1802

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Defendant regarding this motion and the relief requested herein. Counsel stated that Defendant is unopposed to this motion.

/s/ Richard M. Schreiber
Richard M. Schreiber

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Richard M. Schreiber
Richard M. Schreiber

15