UNITED STATES DISTRICT COURT
OF MASSACHUSETTS

| | |
|---|---|
| JOHN WATERS, Individually and For Others Similarly Situated,<br><br>v.<br><br>DAY & ZIMMERMANN NPS, INC. | Case No. 1:19-cv-11585 |

**JOINT MOTION TO IMPOUND PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT, SERVICE AWARD, ATTORNEYS' FEES, AND COSTS**

Pursuant to Local Rule 7.2, Defendant Day & Zimmermann NPS, Inc. ("Defendant" or "D&Z") and Plaintiff John Waters, by and through their undersigned counsel, hereby submit this Joint Motion to Impound Plaintiff's Motion for Approval of Settlement, Service Award, Attorneys' Fees, and Costs. As grounds for this Motion, the parties state as follows:

1. This case is based upon the allegations of Plaintiff John Waters that Defendant failed to pay him and others allegedly similarly situated to him overtime in violation of the Fair Labor Standards Act (the "FLSA").

2. During a full-day confidential mediation on August 25, 2022, the parties reached an agreement in principle to resolve Plaintiff's claims as well as the claims of each of the 132 individuals who have filed opt-in consent forms to join the above-referenced action, and have since reduced their agreement to writing (the "Settlement Agreement").

3. In order to effectuate their Settlement Agreement, Plaintiff filed a Motion for Approval of Settlement, Service Award, Attorneys' Fees, and Costs (the "First Motion for Approval") on October 17, 2022 requesting the Court to review and approve Plaintiff's and Opt-In Plaintiffs' release of claims under the Fair Labor Standards Act. Dkt. 141.

4. On October 17, 2022, the parties also filed a Joint Motion to Impound Settlement Agreement. Dkt. 140.

5. On October 18, 2022, the Court granted the parties' Joint Motion to Impound Settlement Agreement. Dkt. 142.

6. On November 8, 2022, the Court entered an Order denying without prejudice the First Motion for Approval, and directing Plaintiff to submit a revised motion for approval stating in the motion the gross settlement amount, the specific attorneys' fees requested, information sufficient for the Court to calculate the lodestar method of determining legal fees, and the grounds by which plaintiff contends to be entitled to use the percentage of the fund method of calculating attorneys' fees. Dkt. 143.

7. The Settlement Agreement contains strict confidentiality provisions precluding the parties from discussing the financial or other terms of the agreement. The information requested by the Court in its Order denying the First Motion for Approval implicates financial and other terms of the agreement which the Settlement Agreement precludes the parties from discussing or disclosing. The Plaintiff's Motion for Approval of Settlement, Service Award, Attorneys' Fees, and Costs will discuss and disclose this confidential information.

8. Due to the highly confidential nature of the information contained in Plaintiff's Motion for Approval of Settlement, Service Award, Attorneys' Fees, and Costs, the parties respectfully request that Plaintiff's Motion for Approval of Settlement, Service Award, Attorneys' Fees, and Costs be kept confidential and not become publicly available.

9. Good cause exists under Local Rule 7.2 for Plaintiff's Motion for Approval of Settlement, Service Award, Attorneys' Fees, and Costs' continued impoundment until further order of the Court because, as discussed above, (i) the parties reached the settlement during a confidential mediation and (ii) the Settlement Agreement contains strict confidentiality provisions precluding the parties from discussing the information contained in Plaintiff's Motion for Approval of Settlement, Service Award, Attorneys' Fees, and Costs. *See Drexler v. TEL NEXX Inc.*, No. 13-cv-13009, ECF

2

211 (D. Mass. Aug. 12, 2019) (granting motion to seal FLSA settlement agreement where confidentiality was material term of settlement); *Klapatch v. BHI Energy I Power Servs., LLC*, No. 18-cv-11581, ECF 55 (D. Mass. Aug. 5, 2019) (same).

10. At the conclusion of the litigation, Defendant's counsel will retrieve the impounded documents from the Court, consistent with the provisions of Local Rule 7.2.

11. The parties have conferred concerning the subject matter of this Motion, and concur in the relief sought by this Motion.

WHEREFORE, the parties respectfully request that the Court allow their Joint Motion to Impound Plaintiff's Motion for Approval of Settlement, Service Award, Attorneys' Fees, and Costs.

Dated: February 7, 2023

Respectfully submitted,

| | |
|---|---|
| **JOSEPHSON DUNLAP, LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |

*/s/ Richard M. Schreiber*  
Michael A. Josephson (*pro hac vice*)  
Andrew W. Dunlap (*pro hac vice*)  
Richard A. Schriber (*pro hac vice*)  
11 Greenway Plaza, Suite 3050  
Houston, Texas 77046  
713.352.1100 – Telephone  
713.352.3300 – Facsimile  
mjosephson@mybackwages.com  
adunlap@mybackwages.com  
rschreiber@mybackwages.com  

**GORDON LAW GROUP, LLP**

Philip J. Gordon, BBO #630989  
Kristen M. Hurley, BBO # 658237  
585 Boylston St.  
Boston, MA 02116  
617.536.1800 – Telephone  
617.536.1802 – Facisimile  
pgordon@gordonllp.com  
khurley@gordonlp.com  

**BRUCKNER BURCH, P.L.L.C.**

Richard J. (Rex) Burch (*pro hac vice*)  
11 Greenway Plaza, Suite 3025  
Houston, Texas 77046  
713.877.8788 – Telephone  
713.877.8065 – Facsimile  
rburch@brucknerburch.com  

*Counsel for Plaintiff*

*/s/ Keri L. Engelman*  
Keri L. Engelman, BBO #704360  
One Federal Street  
Boston, MA  02110  
617.341.7700 – Telephone  
617.341.7701 – Facsimile  
keri.engelman@morganlewis.com  

Michael J. Puma (*pro hac vice*)  
1701 Market Street  
Philadelphia, PA  19103  
215.963.5000 – Telephone  
215.963.5001 – Facsimile  
michael.puma@morganlewis.com  

*Counsel for Defendant*

## **LOCAL RULE 7.1 CERTIFICATION**

Counsel for the parties hereby certify that they conferred and concur in the relief sought by this Motion.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February 2023 a true and correct copy of the foregoing document was served via the Court's ECF filing system on the following:

>Philip J. Gordon
>Kristen M. Hurley
>GORDON LAW GROUP, LLP
>585 Boylston St.
>Boston, MA  02116
>
>Michael A. Josephson
>Andrew W. Dunlap
>Richard M. Schreiber
>JOSEPHSON DUNLAP LLP
>11 Greenway Plaza, Suite 3050
>Houston, TX  77046
>
>Richard J. (Rex) Burch
>BRUCKNER BURCH, PLLC
>11 Greenway Plaza, Suite 3025
>Houston, TX  77046

*Counsel for the Plaintiff*

>*/s/ Richard M. Schreiber*
>Richard M. Schreiber